# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:18-cr-00077 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BRENDA MONTGOMERY ) | |

## ORDER

Pending before the Court is Defendant's Motion for Compassionate Release (Doc. No. 340), the Government's Response in Opposition (Doc. No. 347), and Defendant's Reply (Doc. No. 351). For the reasons stated below, Defendant's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2019, Defendant pled guilty to one count of conspiracy to violate the anti-kickback statute and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and seven counts of payment of kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b). (Doc. No. 99). Specifically, Defendant admitted to paying approximately $770,000 in kickbacks in exchange for Medicare referrals for durable medical equipment and filing claims to Medicare for those referrals. (*See* PSR, Doc. No. 299 ¶ 10). The Court found that the gross proceeds of the kickback conspiracy amounted to $1,489.192.00. (*See* Doc. No. 283). Pursuant to 18 U.S.C. § 982(a)(7), Defendant was ordered to forfeit $595,676.80 in gross proceeds traceable to her health care offenses. (*Id*.).

Based on a criminal history category of I and a total offense level of 28, the applicable sentencing guideline range was 78 to 97 months of imprisonment. (Doc. No. 300, "Sentencing Tr." at 45:19-22). On August 28, 2019, the Court sentenced Defendant to a 42-month term of imprisonment, 1 year of supervised release, and ordered Defendant to pay a special assessment of $800 and a fine in the amount of $30,000.00. (Doc. No. 296). The Court's decision to grant a

downward variance on the term of imprisonment was based, in large part, on Defendant's age and health concerns. (*See* Sentencing Tr., Doc. No. 300 at 65:23-25). The Court also found that a custodial sentence in the guideline range would not be appropriate based on the totality of the circumstances with the $30,000 fine and $595,676.80 subject to forfeiture. (*See id*. at 66:1-4).

Defendant was initially ordered to self-report on October 28, 2019, but the Court extended Defendant's report date to January 20, 2020, to allow Defendant to participate in cardiac rehabilitation and conclude ongoing dental treatment. (Doc. Nos. 308). Defendant is currently serving her sentence at FMC Carswell, with a projected release date of January 11, 2023. On March 26, 2020, Defendant petitioned the warden to file a motion with the Court requesting a reduction of her sentence, or, in the alternative, to modify her sentence to allow her to serve the remainder of her term in home confinement due to the COVID-19 pandemic. (Doc. No. 342-2). The warden denied Defendant's request on April 24, 2020. (Doc. No. 340-4). On May 4, 2020, Defendant filed the instant Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), in which she requests that the Court modify her term of imprisonment to serve the remainder of her sentence on home confinement. Defendant is 72 years old with a history of cardiovascular disease, strokes, and high blood pressure. (*See* PSR, Doc. No. 299 ¶ 83). Defendant argues that her high risk of serious health consequences from COVID-19 amount to an extraordinary and compelling reason to modify her sentence. If released Defendant will live with her husband in Camden, Tennessee. (*See* Doc. No. 342-2).

## II. STANDARD OF REVIEW

In December 2018, Congress passed the First Step Act, Section 603 of which transformed the process for compassionate release under § 3582(c)(1)(A) to allow prisoners to directly petition courts. Accordingly, the compassionate release statute now states in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction…
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement pertaining to reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is set forth in Section 1B1.13 of the United States Sentencing Guidelines Manual, and provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the Application Notes to Section 1B1.13, the Sentencing Commission described circumstances that could be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), including the criteria to be applied and a list

of specific examples. *See* U.S.S.G. § 1B1.13 cmt. n. 1. However, the Sentencing Commission has not amended or updated Section 1B1.13 or the Applications Notes since the First Step Act was enacted. Therefore, although Section 1B1.13 and the Application Notes provide helpful guidance, district courts are not bound by those sources in determining what constitutes "extraordinary and compelling reasons" for compassionate release under Section 3852(c)(1)(A). *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *3-6 (M.D. Tenn. Mar. 4, 2020).

### III. ANALYSIS

Defendant argues that the COVID-19 pandemic when considered together with her pre-existing health problems and the continued deterioration of her health since incarceration constitute extraordinary and compelling circumstances warranting her compassionate release. As noted above, Defendant is 72 years old and suffers from cardiovascular disease with a history of strokes and high blood pressure. Defendant submits that since her sentencing she has been diagnosed with renal artery stenosis, a precursor to chronic kidney disease. (Doc. No. 340 at 6). Defendant argues that her age, heart condition, and diminished kidney function, independently and separately, place her in COVID-19's high risk group. (Doc. No. 340 at 6 n.1 (citing Centers for Disease Control, *COVID-19: What if You are High Risk* (May 1, 2020), available at: https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html)).

Defendant contends that as COVID-19 inevitably infiltrates FMC Carswell she will not be permitted to exercise self-care by keeping distance from others and by avoiding contact with infected individuals due to the close quarters in which she is housed with other inmates in the chronic care unit. Defendant asserts that each night she sleeps 2-3 feet apart from her four cellmates in a 17' x 20' room packed with hospital beds, walkers, wheelchairs, CPAPs, and oxygen concentrators. Defendant also asserts that there is no actual testing of inmates or guards for

COVID-19 at FMC Carswell, and that guards are not required to wear masks, and most choose not to wear one when on her floor.

Even if the Court is satisfied that Defendant presents extraordinary and compelling reasons for compassionate release, the Court still must consider the Section 3553(a) factors to determine if release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with a number of factors. While Defendant's heightened risk of suffering severe illness or death from COVID-19 may constitute extraordinary and compelling circumstances, the Court finds that the Section 3553(a) factors argue against granting Defendant's motion for compassionate release at this time. The Court acknowledges that certain factors mitigated in favor of a lesser sentence for this Defendant at the time of her sentencing hearing – namely her health, age, and lack of criminal history. However, those factors already resulted in a downward variance for this Defendant. To reduce Defendant's sentence even lower would undermine the other Section 3553(a) factors the Court considered and that still hold true today – namely the nature and circumstances of the offense, as well as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to afford deterrence. Moreover, granting Defendant a sentence reduction would risk creating "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The relief requested by Defendant – which amounts to her serving less than five months of her 42-month sentence – would not be sufficient under the Section 3553(a) factors.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 340) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE